**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EILEEN HOEY,<br><br>                Plaintiff,<br>v.<br><br>AMERICAN BANKERS INSURANCE<br>COMPANY OF FLORIDA,<br><br>                Defendant. | Civil Action No. 14-849 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Plaintiff's motion for relief from dismissal under Federal Rule of Civil Procedure 60(b). (ECF No. 6.) Plaintiff seeks relief from the Court's order dismissing the case for failure to serve the Defendant within the time limit imposed by Federal Rule of Civil Procedure 4(m). (ECF No. 5.)

      Plaintiff filed suit on February 10, 2014, against Defendant in connection with a dispute over a flood insurance policy issued pursuant to the National Flood Insurance Program ("NFIP"), authorized by the National Flood Insurance Act, 42 U.S.C. § 4001-4131 ("NFIA"). (ECF No. 1.) On June 16, 2014, the clerk of the court issued a notice of call for dismissal, requiring that Plaintiff file a proof of service or otherwise make a showing of good cause as to why the action should not be dismissed. (ECF No. 4.) On July 2, 2014, Plaintiff had not filed a proof of service or otherwise responded to the clerk's notice, and the Court dismissed the action without prejudice for failure to serve Defendant within 120 days, pursuant to Rule 4(m). (ECF No. 5.)

Plaintiff now moves, pursuant to Rule 60(b),[1] requesting that the Court vacate its order of dismissal and allow Plaintiff to properly serve the Defendant. In support of the motion, Plaintiff's counsel states that service was not effected as a result of "an inadvertent clerical error," and the notice of call for dismissal was not responded to because of "inadvertent error." (Pedro Cert. ¶ 6, ECF No. 6-1.) More specifically, these oversights were a result of a "heavy case load, related staffing and scheduling conflicts, and protracted time constraints." (*Id.* ¶ 7.)

As an initial matter, Rule 60(b) allows a court to grant relief to a party from a judgment or order only if that judgment or order is final. *See* Fed. R. Civ. P. 60(b) ("On motion or just terms, the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding . . . ." (emphasis added)). An order is final and subject to a Rule 60(b) motion if it is appealable. *See Torres v. Chater*, 125 F.3d 166, 167-68 (3d Cir. 1997). "Ordinarily, an order dismissing a complaint without prejudice is not a final order unless the applicable statute of limitations would not permit the re-filing of the claims." *Core Commc'ns, Inc. v. Verizon Pa., Inc.*, 493 F.3d 333, 338 (3d Cir. 2007). Here, Plaintiff's claims are subject to a one-year statute of limitations. 42 U.S.C. § 4072. Plaintiff argues that it is unclear whether, under the NFIA, the statute of limitations accrues (1) when a claim is denied or (2) when a claim is denied after the insureds filed a sworn proof of loss. However, a decision by a court of this district has already persuasively held that NFIA claims accrue only once a claim is denied following submission of a sworn proof of loss. *Kroll v. Johnson*, No. 14-2496, 2014 WL 4626009, at *4 (D.N.J. Sept. 15, 2014). Furthermore, none of the cases cited by Plaintiff are in conflict, despite Plaintiff's misleading suggestion that there is contrary authority.

---

[1] Specifically, Plaintiff moves under Rule 60(b)(1) and (4). Although Plaintiff references Rule 60(a) in the moving papers, Rule 60(a), which governs corrections of an order or judgment based on clerical mistakes, is not applicable. *See* Fed. R. Civ. P. 60(a).

In any event, Plaintiff has not made the requisite showing to justify the relief requested. Rule 60(b)(1) allows a court to grant relief to a party from a final judgment or order in the case of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "In determining excusable neglect, a court must consider four factors: (1) prejudice to the adverse party; (2) length of the delay and its potential impact on the judicial proceedings; (3) reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Murray v. Walgreen Co.*, 470 F. App'x 97, 98 (3d Cir. 2012) (citing *In re Cendant Corp. Prides Litig.*, 311 F.3d 298, 300 (3d Cir. 2002)). Here, Plaintiff has not offered any persuasive or justifiable basis for not having served Defendant or responded to the notice of call for dismissal. Rather, Plaintiff's purported excuses reflect a lack of diligence. While the other factors do not either support or detract from Plaintiff's request to vacate, Plaintiff's inability to set forth a defensible basis for not serving Defendant warrants against a finding of excusable neglect.

Accordingly, for the reasons set forth above, Plaintiff's motion to vacate dismissal is denied. An order reflecting the Court's decision will be filed.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** December 12th, 2014